```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```



-PS-

```
ANTHONY JACKSON, 02-A-6522,

                Plaintiff,

        -v-                                 08-CV-6489CJS
                                            ORDER
SOUTHPORT CORRECTIONAL FACILITY,
Superintendent NAPOL,
NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES,
Central Office Review Committee
JOHN DOE 1,and
Central Office Review Committee
JOHN DOE 2,

                Defendants.
```

Plaintiff Anthony Jackson, an inmate proceeding *pro se*, filed this action seeking relief pursuant to 42 U.S.C. § 1983 in the U.S. District Court for the Northern District (Docket No. 1). The matter was transferred to this Court, because the allegations concern events that allegedly occurred at Southport Correctional Facility. Plaintiff is requesting permission to proceed *in forma pauperis* (Docket No. 2, 3) and seeking assignment of counsel(Docket No. 4).

Anthony Jackson has had other actions in this District; most recently *Jackson v. Buehler, et al.*, Civil Docket No. 07-CV-6245CJS and *Jackson v. McPartland*, Civil Docket No. 06-CV-6524CJS. In those cases, the Court withdrew the grant of permission to proceed *in forma pauperis* because the Court was made aware of at

least four prior actions filed by plaintiff that have been dismissed pursuant to 28 U.S.C. § 1915(g). (*See Jackson v. McPartland*, 06-CV-6524CJS, Docket No. 21, March 4, 2008 Order). The prior actions are: *Jackson v. State of New York*, 05-CV-00513-MBM (S.D.N.Y.), *Jackson v. Hellmer*, 05-CV-07705-MBM (S.D.N.Y.), *Jackson v. Morgenthau*, 06-CV-14406-KMW (S.D.N.Y.), and *Jackson v. Goord*, 06-CV-14407-KMW (S.D.N.Y.).

Section 1915(g) of 28 U.S.C. provides that a prisoner cannot bring an action *in forma pauperis* under 1915, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action ... that was dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted ... unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "The 'imminent danger' exception contained in the final phrase of § 1915(g) was enacted by Congress to create 'a safety valve ... to prevent impending harms....'" *Pettus v. Mangano*, Slip Copy, 2005 WL 1123761 (E.D.N.Y. 2005) (quoting *Malik v. McGinnis,* 293 F.3d 559, 563 (2d Cir.2002)). In *Pettus*, the Court went on to discuss the "imminent danger" exception, stating that "in order to pose an imminent danger, 'the threat ... [must be] real and proximate' and 'the harm must be imminent or occurring at the time the complaint is filed.'" Id. (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir.2003); *Malik,* 293 F.3d at 562-63). Thus, when an inmate

2

has garnered three "strikes," as they have come to be known, the motion for *in forma pauperis* status must be denied unless plaintiff has asserted claims which indicate that he is in imminent danger of serious physical injury at the time the Complaint if filed.

Here, plaintiff is challenging the conditions under which he was housed at Southport Correctional Facility, because he claims to be disabled and is denied accommodation. The Court notes, however, that plaintiff was housed at Elmira Correctional Facility at the time that the Complaint was filed.

Accordingly, plaintiff must either respond to this Order and establish that he is facing imminent danger of serious physical injury or permission to proceed *in forma pauperis* will be denied. Alternatively, plaintiff may pay the filing fee of $350.00. Plaintiff has until **March 9, 2009** to either respond or to pay the filing fee of $350.00. In the event that plaintiff does not pay the filing fee or otherwise seek relief from this order by **March 9, 2009,** the Clerk of the Court is directed to close this case as dismissed without prejudice without further order of the Court.

**SO ORDERED.**

S/ Michael A. Telesca

-----------------------------
MICHAEL A. TELESCA
United States District Judge

Dated:    January 22, 2009
          Rochester, New York